IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2002 Session

## MARTIN DOOR & WINDOW COMPANY, INC. v. THOMAS DONEGAN d/b/a THE CONSTRUCTION TEAM, ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 97321      Charles K. Smith, Chancellor**

_____

**No. M2001-01230-COA-R3-CV - Filed June 13, 2002**

_____

PATRICIA J. COTTRELL, J., concurring.

I concur with the results reached in this case and concur in part with the separate concurring opinion.  I write separately to explain my position.

I concur that Tenn. Code Ann. § 66-11-146 prevents Martin Door & Window from placing a suppliers' lien on Mr. Cornett's property.  Martin Door & Window was aware that Mr. Cornett had hired a general contractor and, in fact, Martin Door & Window entered into a contract with that general contractor.  Contrary to the view expressed in Part II of the separate concurring opinion, I do not believe a supplier can avoid the clear prohibition that "No lien, except the general contractor's lien, shall exist upon residential real property" by executing separate contracts with both the homeowner and the general contractor for the same materials.  Consequently, even if the "credit application" signed by Mr. Cornett were construed as a contract, Martin Window & Door would not be entitled to a lien on his property.

That is not to say, however, that a supplier in those circumstances is precluded from seeking remedies for breach of contract against a homeowner who clearly obligates himself to pay for materials delivered to his property for use in improvements to his home.  However, as in all contract cases, the supplier would have to prove the existence of the contract and a breach of its obligations.  Martin Door & Window simply failed in that regard.

Even if the "Application for Credit" signed by Mr. Cornett can be construed as a contract, the only obligation he undertook, if any, was "to the terms of sale which are stated on each invoice."  That language must be construed as applicable only to invoices directed to Mr. Cornett, especially since the credit application includes no description of the type, amount, or cost of materials to be purchased under that document.  The Trial court found that Mr. Cornett had paid for everything he purchased directly, and Mr. Cornett testified he had paid for items invoiced directly to him.  Although Martin Window & Door argues that the name on the invoice is irrelevant, the language of

the document Martin Window & Door relies on to establish the nature and scope of Mr. Cornett's obligation invokes reference to the invoices.

In summary, I concur in the holding that Martin Window & Door was precluded from filing a lien and, with the holding that Martin Window & Door failed to establish a breach of contract.

_____
PATRICIA J. COTTRELL, JUDGE